## Consent in Lieu of Meeting of the Sole Member of Velsicol Chemical LLC, a Delaware limited liability company

By this consent in lieu of meeting, executed on September 19, 2023, the undersigned, being the sole member ("**Member**") of Velsicol Chemical LLC, a Delaware limited liability company ("**Company**"), and pursuant to the laws of the State of Delaware and the Company's operating agreement, resolves that the Company take the following actions and consents to same:

### BANKRUPTCY PROCEEDING

WHEREAS, the Member has reviewed and considered, among other things, the financial condition of the Company;

WHEREAS, the Member has reviewed and considered the recommendations of management and the Company's legal, financial, and other advisors concerning the strategic alternatives available to the Company;

WHEREAS, the Member's sole shareholder, Velsicol Chemical Holdings Corporation, a Delaware corporation ("**Holdings**"), immediately prior to the Member taking this action, took similar action for itself and authorized the taking of this action by the Company;

WHEREAS, proposals have been made to the Member to, among other things, (a) prepare, authorize, and direct a process ("**Chapter 11 Case**") to be voluntarily commenced by the Company under Title 11 of the U.S. Code ("**Bankruptcy Code**"), (b) authorize and direct the Company's retention of professionals, (c) authorize the Company to negotiate, finalize, consummate, and otherwise proceed with transactions to be consummated through a Bankruptcy Case, and (d) approve and authorize decisions concerning the employment or retention of the Company's employees, agents, contractors, representatives, and professionals;

NOW, THEREFORE, BE IT RESOLVED, that, after due consideration, taking into account the information available to it at this time, and in the exercise of their reasonable business judgment, the Member has determined that it is in the best interests of the Company, its stakeholders, and its creditors to file a Chapter 11 Case, in the Bankruptcy Court for the Northern District of Illinois ("**Bankruptcy Court**") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper, or necessary to effectuate the purpose and intent of the foregoing;

RESOLVED FURTHER, Tim Horn ("**Horn**") is authorized, empowered, and directed, with full power of delegation, to negotiate, execute, verify, deliver, and file with the Bankruptcy Court, in the name and on behalf of the Company, the petition, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, plans, and other documents (collectively, "**Chapter 11 Filings**") (with such changes therein and additions thereto as Horn may deem necessary, appropriate or advisable);

RESOLVED FURTHER, that Horn is authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts and deeds that Horn deems necessary, appropriate, or desirable in connection with the Chapter 11 Case or the Chapter 11 Filings, including, without limitation (i) the payment of fees, expenses and

taxes Horn deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case with a view to the successful prosecution thereof;

RESOLVED FURTHER, that Horn is authorized, empowered, and directed, in the name and on behalf of the Company, to engage and retain: (a) Much Shelist, P.C. as general bankruptcy counsel, (b) B Riley Advisory Services as financial advisor, and (c) BMC Group as official claims, noticing, and/or balloting agent, in each case on such terms and Horn shall deem necessary, appropriate, or desirable and subject to any required approvals of the Bankruptcy Court;

RESOLVED FURTHER, that Much Shelist, P.C, and any additional co-counsel or special counsel selected by the Company, shall be, and hereby are, authorized, empowered, and directed to represent the Company, as debtor and/or debtor in possession, in connection with any Chapter 11 Case commenced by it under the Bankruptcy Code; and

RESOLVED FURTHER, that Horn is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts or deeds, including but not limited to (i) the engagement or retention of such other accountants, counsel, consultants, or advisors; (ii) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates not now known but which may be required; (iii) the execution, delivery, and filing (if applicable) of any of the foregoing; and (iv) the payment of all fees, payments, taxes, and other expenses.

## ADDITIONAL RESOLUTIONS

RESOLVED FURTHER, that all acts lawfully done, or actions lawfully taken by Horn or any professionals engaged by the Company in connection with the Chapter 11 Case or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and

RESOLVED FURTHER, that any and all actions and transactions by Horn for and on behalf and in the name of the Company with respect to any transactions contemplated by the foregoing resolutions before the adoption of the foregoing resolutions be, and they hereby are, ratified, authorized, approved, adopted, and consented to in all respects for all purposes.

RESOLVED, FURTHER, that Horn's position as president of the Company is hereby reconfirmed.

IN WITNESS WHEREOF, each of the undersigned has duly executed this Consent as of the Effective Date, which execution evidences its adoption and approval by the Member and the acknowledgment of same by the Company, each as of September 20, 2023 ("*Effective Date*"). Any copy or other reliable reproduction of this consent may be substituted or used in lieu of the original writing for any and all purposes for which the original writing could be used. This action shall be filed with the minutes of the proceedings of the Company.

*-the remainder of the page is blank – signature page follows-*

13998128_1

*-Signature page to Consent in Lieu of Meetings of Velsicol Chemical LLC -*

**MEMBER:**

Velsicol Chemical Holdings Corporation, a
Delaware corporation

By: _____
Name: Timothy Horn,
Title: President

**COMPANY:**

Velsicol Chemical, LLC, a Delaware limited
liability company

By: Velsicol Chemical Holding Corporation, a
Delaware corporation, its sole member

By: _____
Name: Timothy Horn,
Title: President

13998128_1

## Resolution of the Directors and Sole Shareholder of Velsicol Chemical Holdings Corporation, a Delaware corporation

At the combined meeting of the board of directors ("*Board*") and sole shareholder held on September 19, 2023, the undersigned, being the Directors ("*Directors*") and sole shareholder of all issued and outstanding stock ("*Shareholder*") of Velsicol Chemical Holdings Corporation, a Delaware corporation ("*Company*"), and pursuant to the laws of the State of Delaware and the Company's bylaws, resolved to take the following actions:

### BANKRUPTCY PROCEEDING

WHEREAS, the Directors and Shareholder have reviewed and considered, among other things, the financial condition of the Company and its 100% owned direct subsidiary, Velsicol Chemical, LLC ("*Velsicol*");

WHEREAS, the Directors and Shareholders have reviewed and considered the recommendations of management and the Company's legal, financial, and other advisors concerning the strategic alternatives available to the Company;

WHEREAS, the board of directors and shareholders of the Company's sole shareholder, Resnovae Holdings Corporation, an Illinois corporation ("*Resnovae*"), immediately prior to the Directors and Shareholder taking this action, took similar action for itself and authorized the taking of this action by the Company;

WHEREAS, proposals have been made to the Directors and Shareholders to, among other things, (a) prepare, authorize, and direct a process ("*Chapter 11 Case*") to be voluntarily commenced by the Company under Title 11 of the U.S. Code ("*Bankruptcy Code*"), (b) authorize and direct the Company's retention of professionals, (c) authorize the Company to negotiate, finalize, consummate, and otherwise proceed with transactions to be consummated through a Bankruptcy Case, and (d) approve and authorize decisions concerning the employment or retention of the Company's employees, agents, contractors, representatives, and professionals;

NOW, THEREFORE, BE IT RESOLVED, that, after due consideration, taking into account the information available to it at this time, and in the exercise of their reasonable business judgment, the Directors and Shareholders have determined that it is in the best interests of the Company, its stakeholders, and its creditors to file a Chapter 11 Case, in the Bankruptcy Court for the Northern District of Illinois ("*Bankruptcy Court*") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper, or necessary to effectuate the purpose and intent of the foregoing;

RESOLVED FURTHER, Tim Horn ("*Horn*") is authorized, empowered, and directed, with full power of delegation, to negotiate, execute, verify, deliver, and file with the Bankruptcy Court, in the name and on behalf of the Company, the petition, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, plans, and other documents (collectively, "*Chapter 11 Filings*") (with such changes therein and additions thereto as Horn may deem necessary, appropriate or advisable);

13998125_1

RESOLVED FURTHER, that Horn is authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts and deeds that Horn deems necessary, appropriate, or desirable in connection with the Chapter 11 Case or the Chapter 11 Filings, including, without limitation (i) the payment of fees, expenses and taxes Horn deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case with a view to the successful prosecution thereof;

RESOLVED FURTHER, that Horn is authorized, empowered, and directed, in the name and on behalf of the Company, to engage and retain: (a) Much Shelist, P.C. as general bankruptcy counsel, (b) B Riley Advisory Services as financial advisor, and (c) BMC Group as official claims, noticing, and/or balloting agent, in each case on such terms and Horn shall deem necessary, appropriate, or desirable and subject to any required approvals of the Bankruptcy Court;

RESOLVED FURTHER, that Much Shelist, P.C, and any additional co-counsel or special counsel selected by the Company, shall be, and hereby are, authorized, empowered, and directed to represent the Company, as debtor and/or debtor in possession, in connection with any Chapter 11 Case commenced by it under the Bankruptcy Code; and

RESOLVED FURTHER, that Horn is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts or deeds, including but not limited to (i) the engagement or retention of such other accountants, counsel, consultants, or advisors; (ii) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates not now known but which may be required; (iii) the execution, delivery, and filing (if applicable) of any of the foregoing; and (iv) the payment of all fees, payments, taxes, and other expenses.

## ADDITIONAL RESOLUTIONS

RESOLVED FURTHER, that all acts lawfully done, or actions lawfully taken by Horn or any professionals engaged by the Company in connection with the Chapter 11 Case or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and

RESOLVED FURTHER, that any and all actions and transactions by Horn for and on behalf and in the name of the Company with respect to any transactions contemplated by the foregoing resolutions before the adoption of the foregoing resolutions be, and they hereby are, ratified, authorized, approved, adopted, and consented to in all respects for all purposes.

RESOLVED, FURTHER, that Horn's position as president of the Company, and Horn's and Leu's positions as the only directors of the Company, are reconfirmed.

IN WITNESS WHEREOF, each of the undersigned, being all the Directors and the sole Shareholder of the Company, has duly executed these resolutions and this Resolution as of September 20, 2023 ("*Effective Date*"), which execution evidences its adoption and approval by the Directors and Shareholder. This action may be executed in any number of counterparts, each of which shall constitute an original and all of which together shall constitute one action. Any copy or other reliable reproduction of this action may be substituted or used in lieu of the original writing

13998125_1

for any and all purposes for which the original writing could be used. This action shall be filed with the minutes of the proceedings of the Board.

_____
Dennis T. Leu, Director of Velsicol Chemical Holdings Corporation

_____
Timothy Horn, Director and President of Velsicol Chemical Holdings Corporation

_____
Timothy Horn, as Authorized Signatory for Resnovae Holdings Corporation, the sole shareholder of Velsicol Chemical Holdings Corporation

13998125_1

## Resolution of the Board of Directors and Shareholders of Resnovae Holdings Corporation, an Illinois corporation

At the combined meeting of the board of directors ("**Board**") and shareholders held on September 19, 2023, the undersigned, being the Directors ("**Directors**") and shareholders owning no less than 2/3 of all issued and outstanding stock ("**Shareholders**") of Resnovae Holdings Corporation, an Illinois corporation ("**Resnovae**"), and pursuant to the laws of the State of Illinois, Resnovae's Bylaws, and its Shareholder Agreement, resolved to take the following actions:

### BANKRUPTCY PROCEEDING

WHEREAS, the Directors and Shareholders have reviewed and considered, among other things, the financial condition of Resnovae, its 100% owned direct subsidiary, Velsicol Chemical Holdings Corporation ("**Holdings**"), and Holdings' 100% owned direct subsidiary, Velsicol Chemical, LLC ("**Velsicol**," together with Resnovae and Holdings, the "**Company**");

WHEREAS, the Directors and Shareholders have reviewed and considered the recommendations of management and the Company's legal, financial, and other advisors concerning the strategic alternatives available to the Company;

WHEREAS, proposals have been made to the Directors and Shareholders to, among other things, (a) prepare, authorize, and direct a process ("**Chapter 11 Case**") to be voluntarily commenced by the Company under Title 11 of the U.S. Code ("**Bankruptcy Code**"), (b) authorize and direct the Company's retention of professionals, (c) authorize the Company to negotiate, finalize, consummate, and otherwise proceed with transactions to be consummated through a Bankruptcy Case, and (d) approve and authorize decisions concerning the employment or retention of the Company's employees, agents, contractors, representatives, and professionals;

NOW, THEREFORE, BE IT RESOLVED, that, after due consideration, taking into account the information available to it at this time, and in the exercise of their reasonable business judgment, the Directors and Shareholders have determined that it is in the best interests of the Company, its stakeholders, and its creditors to file a Chapter 11 Case, in the Bankruptcy Court for the Northern District of Illinois ("**Bankruptcy Court**") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper, or necessary to effectuate the purpose and intent of the foregoing;

RESOLVED FURTHER, Tim Horn ("**Horn**") is authorized, empowered, and directed, with full power of delegation, to negotiate, execute, verify, deliver, and file with the Bankruptcy Court, in the name and on behalf of the Company, the petition, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, plans, and other documents (collectively, "**Chapter 11 Filings**") (with such changes therein and additions thereto as Horn may deem necessary, appropriate or advisable);

RESOLVED FURTHER, that Horn is authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts and deeds that Horn deems necessary, appropriate, or desirable in connection with the Chapter 11 Case or the Chapter 11 Filings, including, without limitation (i) the payment of fees, expenses and

taxes Horn deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case with a view to the successful prosecution thereof;

RESOLVED FURTHER, that Horn is authorized, empowered, and directed, in the name and on behalf of the Company, to engage and retain: (a) Much Shelist, P.C. as general bankruptcy counsel, (b) B Riley Advisory Services as financial advisor, and (c) BMC Group as official claims, noticing, and/or balloting agent, in each case on such terms and Horn shall deem necessary, appropriate, or desirable and subject to any required approvals of the Bankruptcy Court;

RESOLVED FURTHER, that Much Shelist, P.C, and any additional co-counsel or special counsel selected by the Company, shall be, and hereby are, authorized, empowered, and directed to represent the Company, as debtor and/or debtor in possession, in connection with any Chapter 11 Case commenced by it under the Bankruptcy Code; and

RESOLVED FURTHER, that Horn is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts or deeds, including but not limited to (i) the engagement or retention of such other accountants, counsel, consultants, or advisors; (ii) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates not now known but which may be required; (iii) the execution, delivery, and filing (if applicable) of any of the foregoing; and (iv) the payment of all fees, payments, taxes, and other expenses.

## ADDITIONAL RESOLUTIONS

RESOLVED, FURTHER, that Horn's position as president of Resnovae, and Horn's and Leu's positions as the only directors of Resnovae, are reconfirmed.

RESOLVED FURTHER, that all acts lawfully done, or actions lawfully taken by Horn or any professionals engaged by the Company in connection with the Chapter 11 Case or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and

RESOLVED FURTHER, that any and all actions and transactions by Horn for and on behalf and in the name of the Company with respect to any transactions contemplated by the foregoing resolutions before the adoption of the foregoing resolutions be, and they hereby are, ratified, authorized, approved, adopted, and consented to in all respects for all purposes.

IN WITNESS WHEREOF, each of the undersigned (each signing as a Shareholder unless stated to be signing as a Director) has duly executed this Resolution and adopted and approved these Resolutions as of September 20, 2023 ("***Effective Date***"). This action may be executed in any number of counterparts, each of which shall constitute an original and all of which together shall constitute one action. Any copy or other reliable reproduction of this action may be substituted or used in lieu of the original writing for any and all purposes for which the original writing could be used. This action shall be filed with the minutes of the proceedings of the Board.

13996552_4

_____
Dennis T. Leu, as Trustee of the Wood Leu
Family Trust dated July 5, 2021

_____
Timothy Horn, as Trustee of the Horn Family
Trust dated July 5, 2012

_____
Timothy Horn, individually

_____
Sherman A. Friedman, as Trustee of the SAF
2012 Family Trust dated June 28, 2012

_____
Sherman A. Friedman, individually

_____
George Harvell, as Trustee of the Harvell
Family Trust dated July 6, 2012

_____
George Harvell, individually

_____
John P. Bonsor, as Trustee of the JPB 2012
Family Trust dated June 28, 2012

_____
John P. Bonsor, individually

Dennis T. Leu, as Director
By: _____
Name: DENNIS T. LEU
Title: DIRECTOR

Tim Horn, as Director
By: _____
Name: Tim Horn
Title: Director

13996552_4

_____
Dennis T. Leu, as Trustee of the Wood Leu Family Trust dated July 5, 2021

_____
Timothy Horn, as Trustee of the Horn Family Trust dated July 5, 2012

_____
Timothy Horn, individually

_____
Sherman A. Friedman, as Trustee of the SAF 2012 Family Trust dated June 28, 2012

_____
Sherman A. Friedman, individually

_____
George Harvell, as Trustee of the Harvell Family Trust dated July 6, 2012

_____
George Harvell, individually

_____
John P. Bonsor, as Trustee of the JPB 2012 Family Trust dated June 28, 2012

_____
John P. Bonsor, individually

Dennis T. Leu, as Director
By: _____
Name: _____
Title: _____

Tim Horn, as Director
By: _____
Name: _____
Title: _____

13996552_4

_____  
Dennis T. Leu, as Trustee of the Wood Leu Family Trust dated July 5, 2021

_____  
Timothy Horn, as Trustee of the Horn Family Trust dated July 5, 2012

_____  
Timothy Horn, individually

_____  
Sherman A. Friedman, as Trustee of the SAF 2012 Family Trust dated June 28, 2012

_____  
Sherman A. Friedman, individually

_____  
George Harvell, as Trustee of the Harvell Family Trust dated July 6, 2012

_____  
George Harvell, individually

_/s/ John P. Bonsor_____  
John P. Bonsor, as Trustee of the JPB 2012 Family Trust dated June 28, 2012

_/s/ John P. Bonsor_____  
John P. Bonsor, individually

Dennis T. Leu, as Director  
By: _____  
Name: _____  
Title: _____

Tim Horn, as Director  
By: _____  
Name: _____  
Title: _____