| **Fill in this information to identify your case:** |
|---|
| United States Bankruptcy Court for the: <br> NORTHERN DISTRICT OF ILLINOIS |
| Case number *(if known)* _____  Chapter  11 |

☐ Check if this an amended filing

Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  Velsicol Chemical LLC

**2. All other names debtor used in the last 8 years**
Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**  32-0352677

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 10400 W. Higgins Rd. <br> Ste. 303 <br> Rosemont, IL 60018 | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| Cook <br> County | **Location of principal assets, if different from principal place of business** <br><br> Number, Street, City, State & ZIP Code |

**5. Debtor's website (URL)**  www.velsicol.com

**6. Type of debtor**
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Debtor  Velsicol Chemical LLC                                                    Case number (*if known*)
      Name

| | | |
|---|---|---|
| **7.** | **Describe debtor's business** | A. *Check one:* |

    ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
    ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
    ☐ Railroad (as defined in 11 U.S.C. § 101(44))
    ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
    ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
    ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
    ☒ None of the above

B. *Check all that apply*
    ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
    ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
    ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
    4246

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*
☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check **all** that apply*:

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☒ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.
☐ Yes.

District _____  When _____  Case number _____
District _____  When _____  Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

List all cases. If more than 1, attach a separate list

Debtor  See Attachment                                Relationship _____
District _____  When _____  Case number, if known _____

Official Form 201      **Voluntary Petition for Non-Individuals Filing for Bankruptcy**      page 2

Debtor   Velsicol Chemical LLC _____   Case number (*if known*) _____
         Name

**11. Why is the case filed in *this district*?**   *Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.   Insurance agency _____
         Contact name _____
         Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**   *Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49         ☐ 1,000-5,000        ☐ 25,001-50,000
☐ 50-99        ☐ 5001-10,000        ☐ 50,001-100,000
☐ 100-199      ☐ 10,001-25,000      ☐ More than 100,000
☒ 200-999

**15. Estimated Assets**

☐ $0 - $50,000              ☒ $1,000,001 - $10 million          ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000        ☐ $10,000,001 - $50 million         ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000       ☐ $50,000,001 - $100 million        ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million     ☐ $100,000,001 - $500 million       ☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000              ☐ $1,000,001 - $10 million          ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000        ☒ $10,000,001 - $50 million         ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000       ☐ $50,000,001 - $100 million        ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million     ☐ $100,000,001 - $500 million       ☐ More than $50 billion

Debtor    Velsicol Chemical LLC                                    Case number (*if known*)
         Name

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    September 21, 2023
              MM / DD / YYYY

**X** /s/ Timothy Horn                              Timothy Horn
Signature of authorized representative of debtor    Printed name

Title    Authorized Representative

**18. Signature of attorney**

**X** /s/ Jeffrey M. Schwartz                       Date   September 21, 2023
Signature of attorney for debtor                           MM / DD / YYYY

Jeffrey M. Schwartz
Printed name

Much Shelist PC
Firm name

191 N Wacker Drive Suite 1800
Chicago, IL 60606
Number, Street, City, State & ZIP Code

Contact phone   (312) 521-2000    Email address   jschwartz@muchlaw.com

IL
Bar number and State

Debtor   Velsicol Chemical LLC _____   Case number (*if known*) _____
         Name

| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| NORTHERN DISTRICT OF ILLINOIS |
| Case number (*if known*) _____  Chapter  11 |

☐ Check if this an amended filing

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

| | | | | | |
|---|---|---|---|---|---|
| Debtor | Resnovae Holdings Corporation | | Relationship to you | | Affiliate |
| District | Northern District of IL | When | 9/21/23 | Case number, if known | Pending |
| Debtor | Velsicol Chemical Holdings Corporation | | Relationship to you | | Affiliate |
| District | Northern District of IL | When | 9/21/23 | Case number, if known | Pending |

**Fill in this information to identify the case:**

Debtor name __Velsicol Chemical LLC__

United States Bankruptcy Court for the: __NORTHERN DISTRICT OF ILLINOIS__

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __September 21, 2023__     **X** __/s/ Timothy Horn__
                                          Signature of individual signing on behalf of debtor

                                          __Timothy Horn__
                                          Printed name

                                          __Authorized Representative__
                                          Position or relationship to debtor

# United States Bankruptcy Court
## Northern District of Illinois

In re  Velsicol Chemical LLC  
Debtor(s)

Case No.  
Chapter  11

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Resnovae Holdings Corporation<br>10400 W. Higgins Rd., Ste. 303<br>Rosemont, IL 60018 | | | |
| Velsicol Chemical Holdings Corporation<br>10400 W. Higgins Rd.<br>Ste. 303<br>Rosemont, IL 60018 | | | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Authorized Representative of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date  September 21, 2023

Signature  /s/ Timothy Horn  
Timothy Horn

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.  
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## Northern District of Illinois

In re: Velsicol Chemical LLC
Debtor(s)

Case No.
Chapter 11

# CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for __Velsicol Chemical LLC__ in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

Resnovae Holdings Corporation
10400 W. Higgins Rd., Ste. 303
Rosemont, IL 60018

Velsicol Chemical Holdings Corporation
10400 W. Higgins Rd.
Ste. 303
Rosemont, IL 60018

☐ None [*Check if applicable*]

September 21, 2023
Date

/s/ Jeffrey M. Schwartz
Jeffrey M. Schwartz
Signature of Attorney or Litigant
Counsel for Velsicol Chemical LLC
Much Shelist PC
191 N Wacker Drive Suite 1800
Chicago, IL 60606
(312) 521-2000  Fax:
jschwartz@muchlaw.com

## Consent in Lieu of Meeting of the Sole Member of Velsicol Chemical LLC, a Delaware limited liability company

By this consent in lieu of meeting, executed on September 19, 2023, the undersigned, being the sole member ("*Member*") of Velsicol Chemical LLC, a Delaware limited liability company ("*Company*"), and pursuant to the laws of the State of Delaware and the Company's operating agreement, resolves that the Company take the following actions and consents to same:

### BANKRUPTCY PROCEEDING

WHEREAS, the Member has reviewed and considered, among other things, the financial condition of the Company;

WHEREAS, the Member has reviewed and considered the recommendations of management and the Company's legal, financial, and other advisors concerning the strategic alternatives available to the Company;

WHEREAS, the Member's sole shareholder, Velsicol Chemical Holdings Corporation, a Delaware corporation ("*Holdings*"), immediately prior to the Member taking this action, took similar action for itself and authorized the taking of this action by the Company;

WHEREAS, proposals have been made to the Member to, among other things, (a) prepare, authorize, and direct a process ("*Chapter 11 Case*") to be voluntarily commenced by the Company under Title 11 of the U.S. Code ("*Bankruptcy Code*"), (b) authorize and direct the Company's retention of professionals, (c) authorize the Company to negotiate, finalize, consummate, and otherwise proceed with transactions to be consummated through a Bankruptcy Case, and (d) approve and authorize decisions concerning the employment or retention of the Company's employees, agents, contractors, representatives, and professionals;

NOW, THEREFORE, BE IT RESOLVED, that, after due consideration, taking into account the information available to it at this time, and in the exercise of their reasonable business judgment, the Member has determined that it is in the best interests of the Company, its stakeholders, and its creditors to file a Chapter 11 Case, in the Bankruptcy Court for the Northern District of Illinois ("*Bankruptcy Court*") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper, or necessary to effectuate the purpose and intent of the foregoing;

RESOLVED FURTHER, Tim Horn ("*Horn*") is authorized, empowered, and directed, with full power of delegation, to negotiate, execute, verify, deliver, and file with the Bankruptcy Court, in the name and on behalf of the Company, the petition, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, plans, and other documents (collectively, "*Chapter 11 Filings*") (with such changes therein and additions thereto as Horn may deem necessary, appropriate or advisable);

RESOLVED FURTHER, that Horn is authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts and deeds that Horn deems necessary, appropriate, or desirable in connection with the Chapter 11 Case or the Chapter 11 Filings, including, without limitation (i) the payment of fees, expenses and

taxes Horn deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case with a view to the successful prosecution thereof;

RESOLVED FURTHER, that Horn is authorized, empowered, and directed, in the name and on behalf of the Company, to engage and retain: (a) Much Shelist, P.C. as general bankruptcy counsel, (b) B Riley Advisory Services as financial advisor, and (c) BMC Group as official claims, noticing, and/or balloting agent, in each case on such terms and Horn shall deem necessary, appropriate, or desirable and subject to any required approvals of the Bankruptcy Court;

RESOLVED FURTHER, that Much Shelist, P.C, and any additional co-counsel or special counsel selected by the Company, shall be, and hereby are, authorized, empowered, and directed to represent the Company, as debtor and/or debtor in possession, in connection with any Chapter 11 Case commenced by it under the Bankruptcy Code; and

RESOLVED FURTHER, that Horn is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts or deeds, including but not limited to (i) the engagement or retention of such other accountants, counsel, consultants, or advisors; (ii) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates not now known but which may be required; (iii) the execution, delivery, and filing (if applicable) of any of the foregoing; and (iv) the payment of all fees, payments, taxes, and other expenses.

## ADDITIONAL RESOLUTIONS

RESOLVED FURTHER, that all acts lawfully done, or actions lawfully taken by Horn or any professionals engaged by the Company in connection with the Chapter 11 Case or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and

RESOLVED FURTHER, that any and all actions and transactions by Horn for and on behalf and in the name of the Company with respect to any transactions contemplated by the foregoing resolutions before the adoption of the foregoing resolutions be, and they hereby are, ratified, authorized, approved, adopted, and consented to in all respects for all purposes.

RESOLVED, FURTHER, that Horn's position as president of the Company is hereby reconfirmed.

IN WITNESS WHEREOF, each of the undersigned has duly executed this Consent as of the Effective Date, which execution evidences its adoption and approval by the Member and the acknowledgment of same by the Company, each as of September 20, 2023 ("***Effective Date***"). Any copy or other reliable reproduction of this consent may be substituted or used in lieu of the original writing for any and all purposes for which the original writing could be used. This action shall be filed with the minutes of the proceedings of the Company.

*-the remainder of the page is blank – signature page follows-*

13998128_1

*-Signature page to Consent in Lieu of Meetings of Velsicol Chemical LLC -*

**MEMBER:**

Velsicol Chemical Holdings Corporation, a
Delaware corporation

By: _____
Name: Timothy Horn,
Title: President

**COMPANY:**

Velsicol Chemical, LLC, a Delaware limited
liability company

By: Velsicol Chemical Holding Corporation, a
Delaware corporation, its sole member

By: _____
Name: Timothy Horn,
Title: President

13998128_1

## Resolution of the Directors and Sole Shareholder of Velsicol Chemical Holdings Corporation, a Delaware corporation

At the combined meeting of the board of directors ("**Board**") and sole shareholder held on September 19, 2023, the undersigned, being the Directors ("**Directors**") and sole shareholder of all issued and outstanding stock ("**Shareholder**") of Velsicol Chemical Holdings Corporation, a Delaware corporation ("**Company**"), and pursuant to the laws of the State of Delaware and the Company's bylaws, resolved to take the following actions:

### BANKRUPTCY PROCEEDING

WHEREAS, the Directors and Shareholder have reviewed and considered, among other things, the financial condition of the Company and its 100% owned direct subsidiary, Velsicol Chemical, LLC ("***Velsicol***");

WHEREAS, the Directors and Shareholders have reviewed and considered the recommendations of management and the Company's legal, financial, and other advisors concerning the strategic alternatives available to the Company;

WHEREAS, the board of directors and shareholders of the Company's sole shareholder, Resnovae Holdings Corporation, an Illinois corporation ("***Resnovae***"), immediately prior to the Directors and Shareholder taking this action, took similar action for itself and authorized the taking of this action by the Company;

WHEREAS, proposals have been made to the Directors and Shareholders to, among other things, (a) prepare, authorize, and direct a process ("***Chapter 11 Case***") to be voluntarily commenced by the Company under Title 11 of the U.S. Code ("***Bankruptcy Code***"), (b) authorize and direct the Company's retention of professionals, (c) authorize the Company to negotiate, finalize, consummate, and otherwise proceed with transactions to be consummated through a Bankruptcy Case, and (d) approve and authorize decisions concerning the employment or retention of the Company's employees, agents, contractors, representatives, and professionals;

NOW, THEREFORE, BE IT RESOLVED, that, after due consideration, taking into account the information available to it at this time, and in the exercise of their reasonable business judgment, the Directors and Shareholders have determined that it is in the best interests of the Company, its stakeholders, and its creditors to file a Chapter 11 Case, in the Bankruptcy Court for the Northern District of Illinois ("***Bankruptcy Court***") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper, or necessary to effectuate the purpose and intent of the foregoing;

RESOLVED FURTHER, Tim Horn ("***Horn***") is authorized, empowered, and directed, with full power of delegation, to negotiate, execute, verify, deliver, and file with the Bankruptcy Court, in the name and on behalf of the Company, the petition, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, plans, and other documents (collectively, "***Chapter 11 Filings***") (with such changes therein and additions thereto as Horn may deem necessary, appropriate or advisable);

13998125_1

RESOLVED FURTHER, that Horn is authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts and deeds that Horn deems necessary, appropriate, or desirable in connection with the Chapter 11 Case or the Chapter 11 Filings, including, without limitation (i) the payment of fees, expenses and taxes Horn deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case with a view to the successful prosecution thereof;

RESOLVED FURTHER, that Horn is authorized, empowered, and directed, in the name and on behalf of the Company, to engage and retain: (a) Much Shelist, P.C. as general bankruptcy counsel, (b) B Riley Advisory Services as financial advisor, and (c) BMC Group as official claims, noticing, and/or balloting agent, in each case on such terms and Horn shall deem necessary, appropriate, or desirable and subject to any required approvals of the Bankruptcy Court;

RESOLVED FURTHER, that Much Shelist, P.C, and any additional co-counsel or special counsel selected by the Company, shall be, and hereby are, authorized, empowered, and directed to represent the Company, as debtor and/or debtor in possession, in connection with any Chapter 11 Case commenced by it under the Bankruptcy Code; and

RESOLVED FURTHER, that Horn is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts or deeds, including but not limited to (i) the engagement or retention of such other accountants, counsel, consultants, or advisors; (ii) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates not now known but which may be required; (iii) the execution, delivery, and filing (if applicable) of any of the foregoing; and (iv) the payment of all fees, payments, taxes, and other expenses.

## ADDITIONAL RESOLUTIONS

RESOLVED FURTHER, that all acts lawfully done, or actions lawfully taken by Horn or any professionals engaged by the Company in connection with the Chapter 11 Case or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and

RESOLVED FURTHER, that any and all actions and transactions by Horn for and on behalf and in the name of the Company with respect to any transactions contemplated by the foregoing resolutions before the adoption of the foregoing resolutions be, and they hereby are, ratified, authorized, approved, adopted, and consented to in all respects for all purposes.

RESOLVED, FURTHER, that Horn's position as president of the Company, and Horn's and Leu's positions as the only directors of the Company, are reconfirmed.

IN WITNESS WHEREOF, each of the undersigned, being all the Directors and the sole Shareholder of the Company, has duly executed these resolutions and this Resolution as of September 20, 2023 ("*Effective Date*"), which execution evidences its adoption and approval by the Directors and Shareholder. This action may be executed in any number of counterparts, each of which shall constitute an original and all of which together shall constitute one action. Any copy or other reliable reproduction of this action may be substituted or used in lieu of the original writing

13998125_1

for any and all purposes for which the original writing could be used. This action shall be filed with the minutes of the proceedings of the Board.

_____
Dennis T. Leu. Director of Velsicol Chemical Holdings Corporation

_____
Timothy Horn, Director and President of Velsicol Chemical Holdings Corporation

_____
Timothy Horn, as Authorized Signatory for Resnovae Holdings Corporation, the sole shareholder of Velsicol Chemical Holdings Corporation

13998125_1

## Resolution of the Board of Directors and Shareholders of Resnovae Holdings Corporation, an Illinois corporation

At the combined meeting of the board of directors ("*Board*") and shareholders held on September 19, 2023, the undersigned, being the Directors ("*Directors*") and shareholders owning no less than 2/3 of all issued and outstanding stock ("*Shareholders*") of Resnovae Holdings Corporation, an Illinois corporation ("*Resnovae*"), and pursuant to the laws of the State of Illinois, Resnovae's Bylaws, and its Shareholder Agreement, resolved to take the following actions:

### BANKRUPTCY PROCEEDING

WHEREAS, the Directors and Shareholders have reviewed and considered, among other things, the financial condition of Resnovae, its 100% owned direct subsidiary, Velsicol Chemical Holdings Corporation ("*Holdings*"), and Holdings' 100% owned direct subsidiary, Velsicol Chemical, LLC ("*Velsicol*," together with Resnovae and Holdings, the "*Company*");

WHEREAS, the Directors and Shareholders have reviewed and considered the recommendations of management and the Company's legal, financial, and other advisors concerning the strategic alternatives available to the Company;

WHEREAS, proposals have been made to the Directors and Shareholders to, among other things, (a) prepare, authorize, and direct a process ("*Chapter 11 Case*") to be voluntarily commenced by the Company under Title 11 of the U.S. Code ("*Bankruptcy Code*"), (b) authorize and direct the Company's retention of professionals, (c) authorize the Company to negotiate, finalize, consummate, and otherwise proceed with transactions to be consummated through a Bankruptcy Case, and (d) approve and authorize decisions concerning the employment or retention of the Company's employees, agents, contractors, representatives, and professionals;

NOW, THEREFORE, BE IT RESOLVED, that, after due consideration, taking into account the information available to it at this time, and in the exercise of their reasonable business judgment, the Directors and Shareholders have determined that it is in the best interests of the Company, its stakeholders, and its creditors to file a Chapter 11 Case, in the Bankruptcy Court for the Northern District of Illinois ("*Bankruptcy Court*") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper, or necessary to effectuate the purpose and intent of the foregoing;

RESOLVED FURTHER, Tim Horn ("*Horn*") is authorized, empowered, and directed, with full power of delegation, to negotiate, execute, verify, deliver, and file with the Bankruptcy Court, in the name and on behalf of the Company, the petition, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, plans, and other documents (collectively, "*Chapter 11 Filings*") (with such changes therein and additions thereto as Horn may deem necessary, appropriate or advisable);

RESOLVED FURTHER, that Horn is authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts and deeds that Horn deems necessary, appropriate, or desirable in connection with the Chapter 11 Case or the Chapter 11 Filings, including, without limitation (i) the payment of fees, expenses and

taxes Horn deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case with a view to the successful prosecution thereof;

RESOLVED FURTHER, that Horn is authorized, empowered, and directed, in the name and on behalf of the Company, to engage and retain: (a) Much Shelist, P.C. as general bankruptcy counsel, (b) B Riley Advisory Services as financial advisor, and (c) BMC Group as official claims, noticing, and/or balloting agent, in each case on such terms and Horn shall deem necessary, appropriate, or desirable and subject to any required approvals of the Bankruptcy Court;

RESOLVED FURTHER, that Much Shelist, P.C, and any additional co-counsel or special counsel selected by the Company, shall be, and hereby are, authorized, empowered, and directed to represent the Company, as debtor and/or debtor in possession, in connection with any Chapter 11 Case commenced by it under the Bankruptcy Code; and

RESOLVED FURTHER, that Horn is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts or deeds, including but not limited to (i) the engagement or retention of such other accountants, counsel, consultants, or advisors; (ii) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates not now known but which may be required; (iii) the execution, delivery, and filing (if applicable) of any of the foregoing; and (iv) the payment of all fees, payments, taxes, and other expenses.

## ADDITIONAL RESOLUTIONS

RESOLVED, FURTHER, that Horn's position as president of Resnovae, and Horn's and Leu's positions as the only directors of Resnovae, are reconfirmed.

RESOLVED FURTHER, that all acts lawfully done, or actions lawfully taken by Horn or any professionals engaged by the Company in connection with the Chapter 11 Case or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and

RESOLVED FURTHER, that any and all actions and transactions by Horn for and on behalf and in the name of the Company with respect to any transactions contemplated by the foregoing resolutions before the adoption of the foregoing resolutions be, and they hereby are, ratified, authorized, approved, adopted, and consented to in all respects for all purposes.

IN WITNESS WHEREOF, each of the undersigned (each signing as a Shareholder unless stated to be signing as a Director) has duly executed this Resolution and adopted and approved these Resolutions as of September 20, 2023 ("*Effective Date*"). This action may be executed in any number of counterparts, each of which shall constitute an original and all of which together shall constitute one action. Any copy or other reliable reproduction of this action may be substituted or used in lieu of the original writing for any and all purposes for which the original writing could be used. This action shall be filed with the minutes of the proceedings of the Board.

13996552_4

_____
Dennis T. Leu, as Trustee of the Wood Leu Family Trust dated July 5, 2021

_____
Timothy Horn, as Trustee of the Horn Family Trust dated July 5, 2012

_____
Timothy Horn, individually

_____
Sherman A. Friedman, as Trustee of the SAF 2012 Family Trust dated June 28, 2012

_____
Sherman A. Friedman, individually

_____
George Harvell, as Trustee of the Harvell Family Trust dated July 6, 2012

_____
George Harvell, individually

_____
John P. Bonsor, as Trustee of the JPB 2012 Family Trust dated June 28, 2012

_____
John P. Bonsor, individually

Dennis T. Leu, as Director
By: _____
Name: DENNIS T. LEU
Title: DIRECTOR

Tim Horn, as Director
By: _____
Name: Tim Horn
Title: Director

13996552_4

_____  _____
Dennis T. Leu, as Trustee of the Wood Leu Family Trust dated July 5, 2021      Timothy Horn, as Trustee of the Horn Family Trust dated July 5, 2012

_____  _____
Timothy Horn, individually      Sherman A. Friedman, as Trustee of the SAF 2012 Family Trust dated June 28, 2012

_____  _____
Sherman A. Friedman, individually      George Harvell, as Trustee of the Harvell Family Trust dated July 6, 2012

_____  _____
George Harvell, individually      John P. Bonsor, as Trustee of the JPB 2012 Family Trust dated June 28, 2012

_____  
John P. Bonsor, individually

Dennis T. Leu, as Director
By: _____
Name: _____
Title: _____

Tim Horn, as Director
By: _____
Name: _____
Title: _____

13996552_4

_____  _____
Dennis T. Leu, as Trustee of the Wood Leu   Timothy Horn, as Trustee of the Horn Family
Family Trust dated July 5, 2021   Trust dated July 5, 2012


_____  _____
Timothy Horn, individually   Sherman A. Friedman, as Trustee of the SAF
2012 Family Trust dated June 28, 2012


_____  _____
Sherman A. Friedman, individually   George Harvell, as Trustee of the Harvell
Family Trust dated July 6, 2012


_____  _____/s/ John P. Bonsor_____
George Harvell, individually   John P. Bonsor, as Trustee of the JPB 2012
Family Trust dated June 28, 2012

Dennis T. Leu, as Director
By: _____
Name: _____
Title: _____

_____/s/ John P. Bonsor_____
John P. Bonsor, individually

Tim Horn, as Director
By: _____
Name: _____
Title: _____

13996552_4