**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VELSICOL CHEMICAL LLC | ) | Case No. 23-12544 |
| | ) | (Joint Administration Requested) |
| Debtor. | ) | |
| | ) | Honorable David D. Cleary |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VELSICOL CHEMICAL HOLDING CORPORATION | ) | Case No 23-12548 |
| | ) | (Joint Administration Requested) |
| | ) | |
| Debtor. | ) | Honorable David D. Cleary |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| RESNOVAE HOLDING CORP | ) | Case No 23-12552 |
| | ) | (Joint Administration Requested) |
| Debtor. | ) | |
| | ) | Honorable David D. Cleary |

**APPLICATION TO SET HEARING ON AN EMERGENCY MOTIONS**

Velsicol Chemical, LLC, LLC, Velsicol Chemical Holding Corporation and Resnovae Holding Corp. (the "Debtors"), through its proposed counsel, file this Application ("**Application**") requesting the Court set a hearing on an emergency basis to consider the motions attached to this Application as Exhibits A through D attached hereto[1], at the Court's

---

[1] The subject motions are the Debtors' (a) motion for entry of an order authoring the Debtors to maintain their existing bank accounts and business forms and providing a waiver of investment guidelines ("**Cash Management Motion**"); (b) motion authorizing, but not requiring, the Debtors to: pay prepetition employee wages, salaries and other compensation; continue administering employee benefits plans; pay and honor employee medical and other benefits; and for related relief ("**Wages Motion**"); (c) motion for entry of an order authorizing, but not directing, the Debtors to pay, in the ordinary course of business, certain prepetition claims of certain shippers, warehouses, and other similar lienholders, certain custom brokers, certain foreign vendors and service providers located outside the United States; to maintain and administer their existing customer programs and honor certain prepetition obligations related to their customer programs; and for other related relief. herein, confirming administrative expense priority on outstanding orders; and granting related relief ("**Foreign/Lien Creditors Motion**"); and (d) Motion seeking entry of

1

regular schedule for hearing new motions in chapter 11 cases September 27, 2023, or at such other time on September 27th, or on September 26th, if more convenient for the Court.

### JURISDICTION & VENUE

1. The Bankruptcy Court exercises jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

2. On September 21, 2023 (the "**Petition Date**"), the Debtors filed voluntary petitions under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are managing its operations and financial affairs as a debtor-in-possession.

3. A detailed description of the Debtors' business and history is set forth in the *Declaration of Timothy Horn* (the "**Declaration**"). The Declaration is filed concurrently with this Motion and is incorporated herein by reference. Capitalized terms not defined herein have the meaning ascribed to them in the Declaration.

### RELIEF REQUESTED AND BASIS THEREFORE

4. Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Thus, the Court has broad latitude to fix the time for presentment of motions, particularly when "necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Further, Bankruptcy Rule 9006(d) permits a court to fix any period of notice by order.

---

an order directing joint administration of their chapter 11 cases ("**Joint Administration Motion**"). Collectively, these four motions are referred herein to the "**Emergency Motions**."

2

5. Local Rule of the United States Bankruptcy Court for the Northern District of Illinois (the "***Local Rule***") 9013-1 generally requires that a party provide seven days' notice prior to presenting a motion to the Court. Local Rule 9013-1, however, authorizes the Court to permit shorter notice if the motion sought to be heard constitutes an "emergency motion."

6. Local Rule 9013-2, in turn, defines "emergency motion" as one that "arises from an occurrence that could not reasonably have been foreseen and requires immediate action to avoid serious and irreparable harm.

7. The exact timing of the filing of these chapter 11 cases could not be determined in advance. Moreover, because the Debtors could not know what judge would be assigned to their cases, they could not know the schedule of such judge. The need for this emergency hearing was, thus, not caused by any lack of due diligence or any act or failure to act by the Debtors or their counsel.

8. For the reasons set in each of the Emergency Motions, except the Joint Administration Motion, the relief requested in them is necessary to obtain prior to the end of September. The Joint Administration Motion does not meet the literal standard of Local Rule 9013-2. However, if this Application is granted, hearing that Motion will create no additional burden on the Court or any party in interest, and will serve the interest of judicial economy.

**WHEREFORE**, Debtors respectfully requests that the Court enter an order granting the Application and setting an emergency hearing on the Emergency Motions on September 27, 2023, at the Court's regular schedule for hearing new motions in chapter 11 cases, or at such other time on September 27th, or on September 26th, if more convenient for the Court.

|  |  |
|---|---|
| Date: September 21, 2023 | *VELSICOL CHEMICAL, LLC, VELSICOL HOLDING CORPORATION and RESOVAE HOLDING CORP.* |

By: /s/ Jonathan Friedland
      One of Their Attorneys

Jonathan Friedland (#6257902)
Robert W. Glantz (#6201207)
Jeffrey M. Schwartz, (#6209982)
**MUCH SHELIST, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone: (312) 521-2000
Facsimile: (312) 521-3000
jfreidland@muchlaw.com
rglantz@muchlaw.com
hjouglaf@muchlaw.com
jschwartz@muchlaw.com

*Proposed Counsel to the Debtor*

4

14008526_2