**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VELSICOL CHEMICAL LLC, et al., | ) | Case No. 23-15444 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. David D. Cleary |

**TRANSPORTATION INSURANCE COMPANY'S RESPONSE
TO MOTION OF THE DISTRICT OF COLUMBIA PURSUANT TO FEDERAL RULE
OF BANKRUPTCY PROCEDURE 2004 FOR ORDER AUTHORIZING DISCOVERY
RELATING TO DEBTORS AND RELATED ENTITIES AND INDIVIDUALS**

Transportation Insurance Company, Continental Casualty Company, and The Continental Insurance Company (collectively, "TIC"), creditors and parties in interest, hereby respond to the *Motion of the District of Columbia Pursuant to Federal Rule of Bankruptcy Procedure 2004 for Order Authorizing Discovery Relating to Debtors and Related Entities and Individuals* [Docket No. 103] (the "2004 Exam Motion") and respectfully request, to the extent the Court authorizes Rule 2004 discovery against the Debtors or related entities or individuals at this time, that TIC be authorized to appear, ask questions, and request documents in connection with the examination of the Debtors' witnesses to avoid duplication of effort and limit the possibility that the same witnesses may be required to appear for similar examinations more than once in these cases.  In support thereof, TIC states as follows:

1. On September 21, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under subchapter V of chapter 11 of title 11, United States Code (the "Bankruptcy Code").

2. The Debtors' deadline to file their subchapter V plan of reorganization is December 20, 2023, the same day that the 2004 Exam Motion is set for hearing.

3. TIC and Debtor Velsicol Chemical are parties to a *Settlement Agreement and Release* dated November 12, 1999 (the "Agreement") under which the Debtor is obligated to defend, indemnify, and hold harmless TIC with respect to any claims implicating the insurance policies bought back by TIC under the Agreement. *See Declaration of Tim Horn in Support of Chapter 11 Filings and "First Day'[sic] Pleadings"* dated September 21, 2023 [Docket No. 19] (the "Horn Declaration"), ¶ 44.

4. The Horn Declaration describes existing claims by Magnetek and pending litigation covered by the defense and indemnity obligations owed by the Debtor to TIC under the Agreement. *See id.*, ¶¶ 42-47.

5. Prior to the Petition Date, the Debtor was performing its on-going obligations under the Agreement in connection with the Magnetek litigation.

6. Information on the Debtors' financial condition to be explored by the District of Columbia in any Rule 2004 examination of the Debtors or related entities or individuals will be central to the Debtors' ability to continue performance under the Agreement or confirm the subchapter V plan they are expected to propose in the coming days.

7. As explained in the 2004 Exam Motion, the rights of parties to inquire into a debtor's financial condition through a Rule 2004 exam is extremely broad, *see In re Fearn*, 96 B.R. 135, 137 (Bankr. S.D. Ohio 1988), and serves to "enable a party to probe into matters which may lead to the discovery of assets by examining not only the debtor, but also other witnesses…." *In re Handy Andy Home Imp. Centers, Inc.*, 199 B.R. 376, 379 (Bankr. N.D. Ill. 1996) (internal quotations and citations omitted). Moreover, Rule 2004 is meant to be used as a "pre-litigation discovery device." *In re Wilson*, 413 B.R. 330 (Bankr. E.D. La. 2009).

8.    As a creditor with a potentially large claim and a counterparty to the Agreement requiring significant future financial performance by the Debtors, TIC has no interest in wasting the estate's resources.

9.    Accordingly, TIC seeks to participate in the District of Columbia's Rule 2004 examination to avoid duplication of effort and limit the possibility that the Debtors' witnesses might have to appear more than once for similar examinations in these cases.[1]

WHEREFORE, TIC respectfully requests that any order authorizing a Rule 2004 examination of the Debtors or related entities or individuals at this time also authorize TIC to appear, ask questions, and request documents in connection with the examination of the Debtors' witnesses; and for such other and further relief as the Court deems just and proper.

Dated: December 18, 2023
       Chicago, IL

Respectfully submitted,

/s/David C. Christian II
David C. Christian II (IL #6274704)
DAVID CHRISTIAN ATTORNEYS LLC
105 West Madison Street, Suite 1400
(***moving to Suite 2300 effective 1/1/24***)
Chicago, Illinois 60602
Telephone: 312-282-5282
dchristian@dca.law

ATTORNEYS FOR TRANSPORTATION INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, AND THE CONTINENTAL INSURANCE COMPANY

---

[1]    TIC reserves the right to take the depositions, seek answers to written discovery, and request production of documents from the Debtors and their witnesses later in these bankruptcy cases, in any contested matter, in any adversary proceeding involving TIC, or in another forum, as may be appropriate.

**CERTIFICATE OF SERVICE**

      I, David C. Christian II, an attorney, hereby certify that, on December 18, 2023, I caused a copy of the foregoing *Transportation Insurance Company's Response to Motion of the District of Columbia Pursuant to Federal Rule of Bankruptcy Procedure 2004 for Order Authorizing Discovery Relating to Debtors and Related Entities and Individuals* to be served electronically through the Court's CM/ECF system to the Debtors, the Office of the U.S. Trustee, the subchapter V trustee, and to all other parties receiving electronic notice.

                                                 /s/David C. Christian II